NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FAITH N. NELSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2020-1179

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00841-EDK, Judge Elaine Kaplan.

_____

Decided: June 3, 2020

_____

FAITH N. NELSON, Kansas City, MO, pro se.

ROBERT JOEL BRANMAN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by THOMAS J. CLARK, RICHARD E. ZUCKERMAN.

_____

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Faith N. Nelson appeals a decision by the United States Court of Federal Claims ("Claims Court") dismissing her complaint for lack of subject matter jurisdiction. We *affirm* the dismissal.

BACKGROUND

This case involves 26 U.S.C. § 6402(d)(1)(A), part of a centralized Treasury Offset Program for debt collection. *Ibrahim v. United States*, 112 Fed. Cl. 333, 335 (2013). Section 6402(d)(1)(A) provides that "[u]pon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt . . . to such agency, the [IRS] shall reduce the amount of any [tax] overpayment payable to such person by the amount of such debt." 26 U.S.C. § 6402(d)(1). "31 U.S.C. §§ 3711(g) and 3716(a) require[] [the Department of the Treasury] to make such offsets whenever an agency refers a debt to it and to pass the with-held funds to the agency to help satisfy the debt." *Dasisa v. Dep't of Treasury*, 951 F. Supp. 2d 45, 46 (D.D.C. 2013). Agencies that refer debts to the Department of the Treasury "certify that the debts are valid, delinquent, and legally enforceable." *Id.* (citing 31 C.F.R. § 285.5(d)(6)).

Here, the plaintiff, Ms. Nelson, signed promissory notes in 1982 and 1985 for student loans, each for $2,500 with 9% interest. She allegedly defaulted on both loans. The first loan was purchased by the Missouri Department of Higher Education. This loan was assigned to the U.S. Department of Education ("DOE") in 1986. The second loan was purchased by the Higher Education Foundation Program and assigned to the DOE in 1993. After these respective assignments, the DOE requested payments for both loans through the IRS as offsets against Ms. Nelson's tax refunds.

In January 2018, Ms. Nelson filed suit in Missouri state court against the DOE and the Missouri Department of Higher Education, alleging that the defendants had

incorrectly offset her federal refunds.[1] The case was removed to the United Stated District Court for the Western District of Missouri, where Ms. Nelson's claims against the Missouri Department of Higher Education were dismissed because the action, among other reasons, was barred by the statute of limitations. The district court also granted the DOE's motion for summary judgement, finding that Ms. Nelson "continue[d] to owe money to [the DOE], and that [the DOE's] continued efforts to collect that debt [were] justified." U.S. Supp. App'x ("S.A.") 2 (first and last alteration in original) (quoting *Nelson v. Dep't of Educ.*, No. 4:18-cv-00412, 2019 WL 1529383, at *3 (W.D. Mo. Feb. 26, 2019)). No appeal was taken from the final judgment.

On June 5, 2019, Ms. Nelson filed a complaint against the DOE and the Missouri Department of Higher Education in the Claims Court, requesting that the Claims Court order the government to pay back her refund offset with interest for tax years 1988 to 2018, to stop any further offsets to her tax refunds, to clear her credit history, and to pay punitive damages for violation of her Fourteenth Amendment rights. The government moved to dismiss for lack of subject matter jurisdiction.

The Claims Court held that it lacked jurisdiction over Ms. Nelson's challenge to the offset of her federal tax return by the IRS because 26 U.S.C. § 6402(g) "explicitly bars judicial review of [such] action." S.A. 3 (quoting *Hicks v. United States*, 130 Fed. Cl. 222, 230 (2017)). The Claims Court also held it lacked jurisdiction to hear Ms. Nelson's

---

[1] Ms. Nelson later clarified before the U.S. District for the Western District of Missouri that she believed "that the [Missouri Department of Higher Education] is 'IN-CAHOOTS' with the U.S. Department of Higher Education" in collecting her money. U.S. Supp. App'x 35 (quoting Ms. Nelson's Response to the Court's Order to Show Cause).

claim for illegal exaction[2] against the DOE because "she has already unsuccessfully pursued the issue of whether she was in default on her educational loans in district court." S.A. 3. The Claims Court determined that this identical issue had been actually litigated and fully resolved in district court and that issue preclusion barred this claim.

The Claims Court concluded that it lacked jurisdiction under the Fourteenth Amendment to grant punitive damages or to clear credit histories because the Fourteenth Amendment "do[es] not mandate payment by the government." S.A. 4 (alteration in original) (quoting *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed Cir. 1995)). The Claims Court also held it lacked jurisdiction over any claims against the Missouri Department of Higher Education because it was a state agency.

## DISCUSSION

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants the Claims Court jurisdiction "[t]o render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." But as the Supreme Court explained, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). "[A] court must inquire whether the source of substantive law can fairly be interpreted as mandating

---

[2]   An illegal exaction "involves money that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (internal quotation marks and citation omitted).

compensation by the Federal Government for the damages sustained." *Id.* at 218.

The Claims Court had no jurisdiction over claims against a state entity, namely, the Missouri Department of Higher Education. *See United States v. Sherwood,* 312 U.S. 584, 588 (1941) (holding that the Claims Court lacked jurisdiction over claims that are not against United States). There is also no jurisdiction over this action as against the actions of the IRS in offsetting Ms. Nelson's federal refunds based on the DOE claims. The IRS was required, under section 6402(d)(1), to offset her refund "[u]pon receiving notice . . . that [Ms. Nelson] owes a past-due legally enforceable debt." 26 U.S.C. § 6402(d)(1). Under section 6402(g), no federal court has jurisdiction "to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection . . . (d)." *Id.* § 6402(g). Section 6402(g) "explicitly reserves plaintiff's ability to sue agency-claimants directly, but it prohibits suits against [the Department of the Treasury] merely for carrying out its statutory obligation to collect debts that agencies refer to it." *Dasisa*, 951 F. Supp. 2d at 46.

The Claims Court also considered whether the actions of the DOE in requesting the offset, rather than the actions of the IRS in applying it, constituted an illegal exaction. We need not reach whether this was an available theory of recovery in view of the fact that the Claims Court properly held that this claim is barred by issue preclusion because of the prior district court adjudication finding that Ms. Nelson continued to owe money to the DOE. As to this claim, we sustain the dismissal on the merits rather than the lack of jurisdiction. *See Bank of Guam v. United States*, 578 F.3d 1318, 1325 (Fed. Cir. 2009).

Finally, the relief sought by Ms. Nelson under her Fourteenth Amendment claim (apart from the illegal exaction theory) was not within the jurisdiction of the Claims Court because the Due Process and Equal Protection

Clauses generally "do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Because Ms. Nelson identifies no other basis for the Claims Court to exercise jurisdiction over her claim, the Claims Court's dismissal of her complaint is

**AFFIRMED**